IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMMANUEL EDOKOBI | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-13-288 |
| | * | |
| GREENPOINT MORTGAGE FUNDING, | * | |
| ET AL. | * | |
| | ******* | |

MEMORANDUM

Plaintiff has instituted this action against various financial institutions. Several of the defendants have filed a motion to dismiss. Plaintiff, who is appearing *pro se*, has responded to the motions. The motions will be granted. Moreover, because the grounds cited in the motion apply equally to the defendants who have not yet entered an appearance, this case will be dismissed in its entirety.[1]

Plaintiff's complaint has 488 pages. That fact, in and of itself, reflects that plaintiff has failed to set forth "a short and plain statement of . . . [his] claim[s]" as required by Fed. R. Civ. P. 8(a). If that were the only problem, however, I would grant plaintiff leave to file an amended complaint. I will not do so because it is clear from the complaint and plaintiff's responsive memoranda that he has no viable claim against any of the defendants.

The two main focuses of plaintiff's claims appear to be that (1) the mortgage on the house that he owns located at 2005 Stratton Drive, Potomac, Maryland, was unlawfully

---

[1] Plaintiff has also filed a motion to disqualify the undersigned. There is no basis for the motion. The fact that I have ruled against plaintiff in another action does not reflect that I have any bias against him. If I have erred, the proper course for plaintiff to follow is to appeal my rulings. If the rulings are reversed, I will, of course, decide any remaining issues with complete impartiality.

"securitized," and (2) defendants improperly secured and winterized the house. Neither of these claims has merit. Securitization of mortgages is not illegal. *See, e.g. Suss v. JP Morgan Chase Bank, N.A.*, No. WMN-09-1627, 2010 U.S. Dist. LEXIS 68777, at *13-*16 (D. Md. July 9, 2010); *Larota-Florez v. Goldman Sachs Mortg.*, 719 F. Supp. 2d 636, 641 (E.D. Va. 2010). Therefore, any claim based upon the securitization of the property at 2005 Stratton Drive, Potomac, Maryland, is not viable.[2] Likewise, to the extent that any of the defendants took action to secure and winterize the property at 2005 Stratton Drive, Potomac, Maryland, it is clear that the actions were taken after plaintiff no longer lived at the house and were taken solely for the purpose of preventing the secured property from being unduly damaged.

    A separate order granting the various motions to dismiss and dismissing this action is being entered herewith.


Date:   March 29, 2013              ___/s/_____
                                            J. Frederick Motz
                                            United States District Judge

---

[2] It also appears that at least some of plaintiff's securitization claims are time-barred. I need not, however, decide that issue because any securitization claim itself is without merit.